UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN J. MILAKOVICH,

    Plaintiff,

v.                                        Case No. 19-cv-1353-pp

L. J. ROSS ASSOCIATES, INC.,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT (DKT. NO. 5)**

On August 27, 2019, the plaintiff, representing himself, filed a small claims action in Milwaukee County Circuit Court, John Joseph Milakovich v. L. J. Ross Associates, Inc., Case No. 19SC036875. Dkt. No. 1-2. The complaint alleged that the defendant, a debt collector, inaccurately reported that the plaintiff owed a debt to WE Energies. Dkt. No. 1-2 at 6-8. He alleged that the defendant failed to validate the debt despite his requests that it do so. Id. He alleged that he and his family have suffered "devastating" effects from the erroneous report, including seeing his credit score drop and losing his ability to buy a house. Id. The plaintiff accuses the defendant of violating

> several sections of the Fair Debt Collection Practices Act [FDCPA] and the Fair Credit Reporting Act [FCRA], by reporting information they knew was false and/or not furnishing the information [the plaintiff] requested on multiple occasions.

Id. at 8.

Three weeks after the plaintiff filed the complaint in small claims court, the defendant removed the case to this court. Dkt. No. 1. Three days later, the defendant filed this motion for a more definite statement.[1] Dkt. No. 5. The defendant argues that the complaint doesn't comply with Rule 10(b) of the Federal Rules of Civil Procedure and this court's Civil Local Rule 10(a). Id. at ¶¶5-6. It also asserts that the complaint is vague, failing to identify which sections of the FDCPA the defendant violated and the nature of the plaintiff's claims against the defendant; the defendant says that it can't identify any violations of the FDCPA or the FCRA in the allegations. Id. at ¶¶7–11.

The plaintiff filed his case in state court, and the rules governing state-court pleadings, and small-claims pleadings, are different than the rules in federal court. Rule 10(b) says that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). This court's Civil L.R. 10(a) applies that same rule to parties who are representing themselves. The court will give the plaintiff an opportunity to submit an amended complaint that lays out his allegations in numbered paragraphs.

As for the defendant's allegation that the complaint is "vague:" The plaintiff explained that in June 2018, he noticed that his credit score had dropped dramatically. Dkt. No. 1-2 at 6. He checked his credit score, which

---

[1] The court notes that 28 U.S.C. §1447(c) allows a party to file a motion to remand within thirty days after the filing of the notice of removal. The defendant filed this motion for a more definite statement well before the deadline for the plaintiff to move for remand. That being said, the plaintiff has not sought remand, so the court is addressing the motion.

showed that the defendant had reported that it was collecting a debt for WE Energies; the plaintiff notes that his credit report also showed that he owed no debt to WE Energies and that the WE Energies account had been closed prior to the date the defendant reported the debt and sent him a collection letter. Id. The plaintiff says that he bought a credit repair course and used that to ask the defendant to validate the debt "in the form of a signed contractual agreement." Id. He says the defendant responded, saying that it "validated" the debt, but the plaintiff says he does not think the information the defendant provided was sufficient. Id. The plaintiff says he followed up with the defendant, asking what procedures the defendant used to verify the debt. Id. at 7. He says the defendant had not responded as of the day he filed the small claims complaint. Id. The plaintiff says he's disputed the debt with all three credit reporting services, but that all three claim the debt is valid. Id. The plaintiff asserts that he took further measures asking the defendant for verification of the debt, but that the defendant has not provided that verification. Id.

The plaintiff concludes by saying that he believes the defendant has been "negligent" in reporting the information, that the defendant has harmed his credit score and his character, that he believes that the defendant has violated several sections of the FDCPA and the FCRA "by reporting information they knew as false and/or not furnishing the information" he requested on multiple occasions. Id. at 8. He asks the court to help him in getting the defendant to remove "the negative information" from his credit reports. Id.

On the one hand, the plaintiff is representing himself. He's not a lawyer. He didn't file suit in federal court. His complaint explains what he's upset about—he doesn't think he owed a debt to WE Energies, yet the defendant reported to the credit reporting agencies that he did, and he believes the defendant has not provided him proof that the debt the defendant reported was valid.

On the other hand, the plaintiff mentioned in his complaint more than one possible cause of action. First, he says he believes that the defendant was "negligent" in reporting the claimed WE Energies debt to the credit reporting agencies. Negligence is a state-law claim—someone is negligent when that person (or entity) has a duty of care to someone else, breaches that duty of care, and causes harm by that breach of duty. The plaintiff has not explained what duty the defendant owed him. Second, the plaintiff says he believes that the defendant violated several sections of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, and the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. These are federal statutes with many sections and subsections. Simply telling a defendant, "I believe you violated the FDCPA" is not enough to give that defendant fair notice of what it is that the plaintiff alleges the defendant actually did. The plaintiff must identify which sections of the statutes he claims the defendant violated, and what exactly the defendant did to violate that section of the statute.

The court will grant the defendant's motion and will allow the plaintiff an opportunity to file an amended complaint. The court is sending the plaintiff a

blank complaint form for him to use, along with a guide for litigants who are representing themselves. He must write the word "Amended" at the top of the first page of the form, next to the word "Complaint." He must put this case number—19-cv-1353—in the line under the words "Case Number. He must use the lines on pages 2-3 of the form to list, in numbered paragraphs, his claims; he may add additional pages if he doesn't have enough room on these lines. The court will give the plaintiff a deadline by which to file the amended complaint.

The court notes, however, that FDCPA and FCRA litigation is somewhat specialized. There are lawyers who do nothing but this kind of work. It can be complicated for a layperson. The court encourages the plaintiff to consider reaching out to a legal assistance or referral program, such as the Eastern District of Wisconsin's Federal Legal Assistance Program (https://edwba.org/form.php?form_id=15) or the Milwaukee Bar Association's Lawyer Referral and Information Service (https://findmilwaukeelawyers.org, or 414-274-6768), for help.

## II. Conclusion

The court **GRANTS** the defendant's motion for a more definite statement. Dkt. No. 5.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file an amended complaint that complies with the instructions in this order by the end of the day on **March 6, 2020**,. The court advises the plaintiff that if he does not file the amended complaint in time for the court to *receive* it

by the end of the day on March 6, 2020, the defendant may ask the court to dismiss his case.

Dated in Milwaukee, Wisconsin this 10th day of February, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**